UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Guillermo H.,<br><br>Petitioner,<br><br>v.<br><br>Pamela Bondi, Attorney General;<br>Kristi Noem, Secretary, U.S. Department of Homeland Security;<br>Department of Homeland Security;<br>Todd M. Lyons, Acting Director of Immigration and Customs Enforcement;<br>Immigration and Customs Enforcement;<br>Daren K. Margolin, Director for Executive Office for Immigration Review;<br>Executive Office for Immigration Review;<br>David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; and<br>Eric Tollefson, Sheriff of Kandiyohi County,<br><br>Respondents. | No. 25-cv-4546 (SRN/EMB)<br><br><br><br>**ORDER** |

David L. Wilson and Gabriela Sophia Anderson, Wilson Law Group, 3019 Minnehaha Ave., Minneapolis, MN 55406, for Petitioner

Ana Voss and Erin Secord, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

Before the Court are the Petition for a Writ of Habeas Corpus ("Petition") [Doc. No. 1] and Motion for a Temporary Restraining Order ("TRO Motion") [Doc. No. 5] filed by

1

Petitioner Guillermo H.  He seeks immediate release from detention or, in the alternative, an opportunity for a bond hearing pursuant to 8 U.S.C. § 1226(a).  Respondents oppose the Petition and the TRO Motion.  (Resp'ts' Consol. Opp'n [Doc. No. 10].)

The Court has taken the Petition and TRO Motion under advisement on the papers.  For the reasons set forth below, the Petition is respectfully denied and the TRO Motion is denied as moot.

I.     BACKGROUND

A.  Immigration Proceedings

Petitioner is a citizen of Mexico.  (Pet. ¶ 13.)  He entered the United States without inspection in 1998.  (*Id.* ¶ 29.)  At the time of his entry, he was not apprehended and was released on his own recognizance.  (*Id.* ¶¶ 27, 30.)  Petitioner is married to a U.S. citizen and has U.S. citizen children.  (*Id.* ¶ 32.)

In October 2007, Petitioner was charged in Minnesota state court with theft, in violation of Minn. Stat. § 609.52, subd. 2(1).  The theft involved stealing approximately $2,400 worth of lottery tickets.  (Van Der Vaart Decl. [Doc. No. 11], Ex. 3 (USCIS Denial) at 2.)  Petitioner entered a guilty plea, and was placed on probation in a diversion program.  (Van Der Vaart Decl. ¶ 4; *id.*, Exs. 1 (Anoka Cnty. Letter) & 2 (Minn. State Ct. Records Printout).)  As a result, the court held his plea in abeyance and no conviction was entered at that time.  (*See* Van Der Vaart Decl. ¶ 4; *id.*, Exs. 1 (Anoka Cnty. Letter) & 2 (Minn. State Ct. Records Printout).)  In 2009, after successfully completing the requirements of the diversion program, Petitioner was discharged from probation and the criminal case was

dismissed.  (*See* Van Der Vaart Decl. ¶ 5; *id.*, Exs. 1 & 2.)  Petitioner states that there are no pending criminal charges against him.  (Pet. ¶ 33.)

In August 2022, Petitioner submitted Form I-601A, Application for Provisional Unlawful Presence Waiver, to U.S. Citizenship and Immigration Services ("USCIS"), and was assigned the case number LIN2290298111.  (Van Der Vaart Decl. ¶ 6.)  In May 2025, USCIS issued a Request for Evidence ("RFE") for case number LIN2290298111.  (Van Der Vaart Decl. ¶ 6; *id.*, Ex. 4 (RFE).)  In the RFE, USCIS advised that Petitioner may be inadmissible under the Immigration & Nationality Act ("INA") § 212(a)(2)(A)(i)(I) based on his theft charge—a charge that USCIS contends Petitioner failed to disclose on his Form-601A.  (Van Der Vaart Decl. ¶ 6; id., Ex. 4.)  USCIS requested a response from Petitioner, along with any corroborating evidence.  (*See* Van Der Vaart Dec. ¶ 7; *id.*, Ex. 3.)

Petitioner responded to the RFE.  (*See* Van Der Vaart Decl. ¶ 8.)  In USCIS's June 2025 denial letter, it noted that "[t]o be eligible for a provisional unlawful presence waiver, you must show that upon departure from the United States, you would only be inadmissible for unlawful presence under section 212(a)(9)(B)(i) of the INA at the time of the immigrant visa interview."  (Van Der Vaart Decl., Ex. 3 at 1.)  But USCIS further explained that Petitioner failed to meet this showing, as his theft charge constituted a crime of moral turpitude that also rendered him inadmissible.  (*Id.*)  USCIS referenced an affidavit that Petitioner submitted in which he allegedly admitted to committing theft, (Van Der Vaart Decl., Ex. 3 at 2), although the affidavit is not in the record. In the denial letter, USCIS stated, "Diversion and probation are considered a conviction for immigration purposes.

3

Therefore, you have not established by a preponderance of the evidence that upon departure, you would only be inadmissible under section 212(a)(9)(B)(i) of the INA at your immigrant visa interview, as required by 8 C.F.R. § 212.7(e)(3)(iii)." (*Id.*)

### B. ICE Policy and BIA Ruling

Pursuant to a new policy announced on July 8, 2025, entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission," the Department of Homeland Security/Immigration & Customs Enforcement ("DHS/ICE") now considers all persons who enter the United States without inspection "applicants for admission" under 8 U.S.C. § 1225(a), and therefore argues that they are subject to mandatory detention under § 1225(b)(2)(A).

In September 2025, the Board of Immigration Appeals ("BIA") adopted DHS/ICE's broad interpretation of § 1225(b)(2) in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). In *Hurtado*, the BIA found that § 1225(b)(2) applied to aliens classified as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being aliens "present in the United States without being admitted or paroled, or [for arriving] in the United States at any time or place other than as designated by the Attorney General." *Id.* at 217, 225.

### C. Petitioner's Arrest and Detention

On December 6, 2025, law enforcement officers arrested Petitioner and placed him in ICE custody in the Kandiyohi County Jail in Willmar, Minnesota. (Pet. ¶¶ 14, 31, 37.) On December 11, 2025, ICE officials issued Petitioner a Notice to Appear ("NTA") before an Immigration Judge on February 4, 2027. (Van Der Vaart Decl., Ex. 7 (NTA) at 1.) Respondents assert that the scheduling delay of over one year is "[d]ue to an issue with the

4

immigration court scheduling system" and they are "actively working to obtain an earlier hearing date in January 2026." (Van Der Vaart Decl. ¶ 12.) In the NTA, ICE representatives state that Petitioner is "an alien present in the United States who has not been admitted or paroled" and that he is inadmissible under INA § 212(a)(6)(A)(i). (*Id.*) Respondents placed Petitioner in detention without an opportunity for a bond hearing. (Pet. ¶¶ 34–37.)

### D. Proceedings in this Court

On December 7, 2025, Petitioner filed his Petition, alleging that he is being detained in violation of the INA, as well as the INA's implementing regulations found at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, and the Fifth Amendment to the U.S. Constitution. He contends that he is entitled to immediate release or a bond hearing under 8 U.S.C. § 1226(a), at which an immigration judge can assess whether he poses a flight risk or a danger to the community. (Pet. ¶¶ 66–70.) However, pursuant to *Hurtado*, 29 I. & N. Dec. 216, Petitioner asserts that an immigration judge is no longer able to consider bond requests. (*Id.* ¶¶ 26, 34.) As a result, Petitioner contends that he faces the prospect of prolonged immigration custody in violation of the INA and his right to due process. (*Id.* ¶¶ 28–93.)

Respondents disagree. They argue that Petitioner falls under the provisions of 8 U.S.C. § 1225, not § 1226, and therefore, is not entitled to a bond hearing under the INA. (Resp'ts' Consol. Opp'n at 1–2, 4–9.) Respondents further argue that even if Petitioner is not subject to mandatory detention under § 1225, his detention is mandatory under § 1226(c) due to his theft conviction. (*Id.* at 9–10.)

5

In his Reply, Petitioner argues that the question of whether § 1226(c) applies is a fact question that is not before this Court. (Pet'r's Consol. Reply [Doc. No. 12] at 4–5.) Rather, Petitioner suggests that the Immigration Court should make this determination during a § 1226(a) proceeding, and the sole question before this Court is whether Petitioner is entitled to such a hearing. (*Id.*)

II.   **DISCUSSION**

A. **Subject Matter Jurisdiction**

Before turning to the merits of the Petition, the Court finds that it has jurisdiction to consider it. A district court may grant a writ of habeas corpus to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *see also I.N.S. v. St. Cyr*, 533 U.S. 289, 305–07 (2001). To a limited extent, some statutory provisions constrain judicial review of immigration matters, such as 8 U.S.C. § 1252(g), which bars district courts from hearing challenges to the method by which the Secretary of Homeland Security chooses to commence removal proceedings. *See Dep't of Homeland Sec. v. Regents of the Univ. of Calif.*, 591 U.S. 1, 19 (2020); *see also Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–85 (1999) (noting there was "good reason" for Congress to proscribe judicial review of the Attorney General's "discrete acts of 'commenc[ing] proceedings, adjudicat[ing] cases, [and] execut[ing] removal orders,'" as they constituted "the initiation or prosecution of various stages in the deportation process.").

Petitioner is not challenging the implementation of 8 U.S.C. § 1225, nor is he seeking review of any discretionary decision of the Secretary of Homeland Security or the

6

Attorney General, nor is he seeking this Court's review of a final order of removal, as he is not subject to one. Rather, he argues that Respondents lack authority to detain him under § 1225(b)(2) because it does not apply to a noncitizen in his circumstances. He contends that § 1226(a) confers the applicable statutory authority for his detention. Under the circumstances presented in the instant Petition, the Court is satisfied that it possesses jurisdiction to consider Petitioner's claims, and Respondents present no argument to the contrary.[1]

### B. Statutory Framework Under the INA

#### 1. Detention Under 8 U.S.C. §§ 1225(b)(2) and 1226(a)

As an initial matter, the parties dispute whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the INA applies to a noncitizen who is already residing in the United States. The critical distinction between these provisions is that "noncitizens detained under Section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under Section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246–47 (W.D. Wash. 2025). Respondents maintain that Petitioner falls within the mandatory detention provisions of § 1225(b), while Petitioner argues that he is subject to § 1226(a).

---

[1] Although Respondents do not challenge the Petition or TRO Motion for failure to exhaust remedies within Immigration Court, the Court finds that exhaustion would be futile in light of *Hurtado*. *See Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *5 (W.D.N.Y. Nov. 4. 2025) (finding exhaustion of remedies would be futile, even if petitioner had not exhausted his remedies). Immigration judges would be obliged to follow *Hurtado*'s ruling on the scope of § 1225(b)(2)(A).

This Court has previously found, along with the vast majority of district courts throughout the country and the Seventh Circuit Court of Appeals, that the applicable detention scheme for noncitizens already residing in the country is under § 1226(a), absent any exceptions under § 1226(c). *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---, 25-3050, 2025 WL 3552514, at *8–10 (7th Cir. Dec. 11, 2025); *Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025), *E.M. v. Noem*, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839 (D. Minn. Nov. 12, 2025); *see also Demirel v. Fed. Detention Ctr.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (collecting cases); *Reyes v. Raycraft*, No. 25-12546, 2025 WL 2609425, at *6–7 (E. D. Mich. Sept. 9, 2024) (collecting cases). By contrast, § 1225(b)(2) applies to noncitizens at or near the border. *Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4. 2025).

Petitioner essentially asks the Court to end its analysis here and find that he is entitled to a bond hearing under § 1226(a). But for the detention authority under § 1226(c), the Court would do so. However, Respondents invoke § 1226(c) as an alternative basis for detention, which the Court addresses below.

### 2. Detention Under 8 U.S.C. § 1226(c)

The plain text of § 1226(c) and case law make clear that even if § 1226(a) generally applies to noncitizens already in the United States, § 1226(c) carves out an exception for noncitizens who have committed certain criminal offenses. It provides for mandatory detention:

**(c) Detention of criminal aliens**

   **(1) Custody**

The Attorney General shall take into custody any alien who--

    **(A)** is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

    **(B)** is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

    **(C)** is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year,

    **(D)** is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, or

    **(E)(i)** is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and

       **(ii)** is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226.

Under very limited circumstances, 1226(c) permits the release of noncitizens who otherwise fall under the statute. It states that the Attorney General "may release" such noncitizens "only if the Attorney General decides" that doing so is necessary for purposes of witness protection and the noncitizen poses no danger or flight risk. *Id.* § 1226(c)(2).

The Supreme Court has stated that "together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope *must* continue 'pending a decision on whether the

alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) (quoting 8 U.S.C. § 1226(a)) (emphasis in original). The Court further stated, "By expressly stating that the covered aliens may be released 'only if' certain conditions are met, the statute expressly and unequivocally imposes an affirmative *prohibition* on releasing detained aliens under any other conditions." *Id.* (quoting § 1226(c)(2)) (emphasis in original).

As to the constitutionality of § 1226(c), in *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024), the Eighth Circuit held that the Due Process Clause does not require a bond hearing for noncitizens subject to mandatory detention under § 1226(c). *Id.* at 930.

### C. Applicability of § 1226(c)

Respondents have invoked § 1226(c)(1)(A), which cross references 8 U.S.C. § 1182(a)(2). (*See* Van Der Vaart Decl., Ex. 3 (Denial) at 1) (citing INA 212(a)(2)(A)(i)(i), codified at 8 U.S.C. § 1182(a)(2)(A)(i)). Pursuant to § 1182(a)(2)(A)(i), absent certain exceptions, "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of — (1) a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime . . . is inadmissible." 8 U.S.C. § 1182(a)(2)(i). Under the INA, "conviction," as applied to noncitizens, means "a formal judgment of guilt of the alien entered by a court, or if adjudication of guilt has been withheld," where—

> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

10

>    (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48).

Minnesota courts have found theft under Minn. Stat. § 609.52, subd. 2(1) to be a crime of moral turpitude. *See Bobadilla v. State*, No. A11-507, 2011 WL 4435552, at *2 (Minn. Ct. App. Sept. 26, 2011); *see also Ali v. State*, No. A20-1530, 2021 WL 2526621, at *1–2 & n.2 (Minn. Ct. App. June 21, 2021).

Petitioner contests whether his participation in the diversion program and the dismissal of his case render his theft offense a "conviction" under the INA. (Pet'r's Consol. Reply at 4.) Citing *Mendoza-Saenz v. Sessions*, 861 F.3d 720 (8th Cir. 2017), he argues that resolution of whether he falls under § 1226(c) is a fact-intensive inquiry, and he argues that the Immigration Court should make the inquiry, in the context of a § 1226(a) bond hearing.[2] (*Id.*) While the Court agrees that any challenge to § 1226(c)'s applicability is fact-specific and should be made in Immigration Court, this Court cannot initiate such proceedings by ordering a bond hearing under § 1226(a). As the Supreme Court has explained, the venue for disputing whether a noncitizen is properly classified under §

---

[2] While *Mendoza-Saenz* did not address whether a district court may order that a § 1226(c) detainee receive a § 1226(a) bond hearing, the underlying case arose in Immigration Court. Notably, *Mendoza-Saenz* concerned a noncitizen whose prior criminal history included a crime involving moral turpitude that was resolved through a diversion program and placement on probation. 861 F.3d at 723–24. The Eighth Circuit held that the noncitizen's "participation in alternative programs, and terms of probation constitute[d] 'punishment[s], penalt[ies], or restraint[s] on the alien's liberty' under the plain language of § 1101(a)(48). 861 F.3d at 723–24. Thus, the Eighth Circuit affirmed the BIAs' finding that Mendoza-Saenz was ineligible for the cancellation of removal or voluntary departure because of his prior conviction for a crime involving moral turpitude. *Id.*

11

1226(c) is in Immigration Court, through what is known as a "*Joseph* hearing." *Jennings*, 583 U.S. at 289 n.1 (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999); *see also Banyee*, 115 F.4 at 930 (citing *Jennings*, 583 U.S. at 289 n.1, as "explaining how" a detainee can "directly contest[] the grounds for his mandatory detention.")). At a *Joseph* hearing, the noncitizen "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Jennings*, 583 U.S. at 289 n.1. (citing *Demore v. Kim*, 538 U.S. 510, 514 n. 3 (2003)).

In short, the language of § 1226(a) and (c) does not permit this Court to order a § 1226(a) bond hearing for a noncitizen who is subject to mandatory detention under § 1226(c). A *Joseph* hearing, held in response to a motion in Immigration Court, provides the proper procedure for an immigration detainee to challenge his or her classification under § 1226(c). *See Banyee*, 115 F.4th at 930–31. The only question before the Court in a habeas petition is whether Petitioner's detention violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under *Banyee* and § 1226(c), Petitioner's detention is constitutionally permitted and statutorily mandated. Accordingly, his Petition is respectfully denied. As a result, Petitioner's Motion for a Temporary Restraining Order is denied as moot.

### III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Guillermo H's Petition for a Writ of Habeas Corpus [Doc. No. 1] is **DENIED**.

2. Petitioner's Motion for a Temporary Restraining Order [Doc. No. 5] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: December 22, 2025                    s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge